# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**19 SOLID WASTE MECHANICS, et al.,**

        **Plaintiffs,**

**v.**                                                               **CIV. No. 93-1385 JP/WWD**

**THE CITY OF ALBUQUERQUE,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

On November 30, 1998, Plaintiffs filed their "Renewed Petition for Attorney's Fees" (Doc. No. 81). After a careful review of the law, the briefs, and the Affidavit of Plaintiffs' counsel, Paul Livingston, I conclude that the motion should be granted and Plaintiffs should be awarded attorney's fees in the amount of $18,188.75.[1]

In a lawsuit brought to enforce constitutional rights under 42 U.S.C. § 1983, the court has discretion to award a prevailing plaintiff a reasonable attorney's fee. 42 U.S.C. §1988(b). A party requesting an award of attorney's fees under 42 U.S.C. §1988 bears the burden of establishing both that it is entitled to such an award and that the requested fees are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U. S. at 433; see Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1418 (10th Cir. 1997). The product of this calculation is the

---

[1] The Clerk of the Court will address Plaintiffs' claims for costs in a separate Order.

lodestar, which may be equitably tailored to the facts of the case. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

In this case, Plaintiffs asserted two claims under Section 1983: violation of the Fourth Amendment and violation of the right of due process. The parties agree that Plaintiffs prevailed on the Fourth Amendment claim but did not prevail on their due process claim.[2]

A review of Paul Livingston's Affidavit and the attached "Statement of Fees and Expenses" reveals that Mr. Livingston spent 250.45 hours on this case.[3] Of these, 27 hours appear to have been devoted to Plaintiffs' New Mexico Open Meetings Act claim[4], and 9 hours were spent on Plaintiffs' due process claim.[5] These hours are not compensable under Section 1988.

According to his time records, Mr. Livingston spent 76.57 hours on Plaintiffs' Fourth Amendment claim.[6] Mr. Livingston's records do not reveal which claims the remaining 137.88 hours were devoted to. However, it is equitable and just to estimate that Mr. Livingston spent

---

[2] Plaintiffs brought a third claim under the New Mexico Open Meetings Act, N.M. Stat. Ann. 1978, § 10-15-1 et seq (1995 Repl. Pamp.). The Plaintiffs prevailed on this claim, but the New Mexico Open Meetings Act did not permit an award of attorney's fees at the time Mr. Livingston rendered his services, nor does Section 1988 contemplate an award of attorney's fees for a state law claim.

[3] This includes 4.5 hours spent on the reply to Defendant's response to Plaintiff's motion for attorney's fees.

[4] This includes hours billed August 7, 1994; September 15, 1994; November 30, 1995; December 4-14, 1995; and January 17, 1996.

[5] This includes hours billed August 7-8, August 17, and August 19, 1994.

[6] This includes hours billed on November 25, 1993; August 1-5, 1994; August 25, 1994; September 10-14, 1994; March 18, 1995; and all hours billed after February 23, 1996.

approximately half of this time, or 68.94 hours, in the pursuit of Plaintiffs' Fourth Amendment claim. Consequently, Plaintiffs' should be awarded attorney's fees for a total of 145.51 hours spent by Mr. Livingston.

In his Affidavit, Mr. Livingston states that his customary fee for civil rights cases is $125 per hour. I find this fee to be reasonable for an attorney of Mr. Livingston's skill and experience in Albuquerque, New Mexico. Consequently, Plaintiffs are entitled to $18,188.75 in attorney's fees, the product of the number of hours spent by Mr. Livingston on the Fourth Amendment claim and Mr. Livingston's reasonable hourly rate.

IT IS THEREFORE ORDERED that "Renewed Petition for Attorney's Fees" (Doc. No. 81) is GRANTED and Plaintiffs are awarded attorney's fees in the amount of $18,188.75.

*[signature: James A. Parker]*
UNITED STATES DISTRICT JUDGE